Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/16/2018 08:11 AM CDT

In re Interest of Keyanna R., a child
under 18 years of age.
State of Nebraska, appellee,
v. Keyanna R., appellant.

___ N.W.2d ___

Filed March 16, 2018.    No. S-17-659.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings.
2. **Minors: Proof.** The exhaustion requirement of Neb. Rev. Stat. § 43-251.01(7)(a) (Reissue 2016) demands evidence establishing that no other community-based resources have a reasonable possibility for success or that all options for community-based services have been thoroughly considered and none are feasible.

Appeal from the Separate Juvenile Court of Lancaster County: Toni G. Thorson, Judge. Affirmed.

Joe Nigro, Lancaster County Public Defender, and James G. Sieben for appellant.

Joe Kelly, Lancaster County Attorney, Tara Parpart, and Margaret R. Jackson, Senior Certified Law Student, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, and Funke, JJ.

Miller-Lerman, J.
### NATURE OF CASE
Keyanna R. appeals from a disposition by the separate juvenile court of Lancaster County which ordered her placed

in a residential group home. The appeal presents the question of whether the out-of-home placement order complied with Neb. Rev. Stat. § 43-251.01(7) (Reissue 2016), which requires that a juvenile not be placed out of his or her home as a dispositional order unless "(a) [a]ll available community-based resources" have been exhausted and "(b) [there is] a significant risk of harm to the juvenile or community" by "[m]aintaining the juvenile in the home." We conclude the out-of-home placement complied with both requirements. Therefore, we affirm.

## STATEMENT OF FACTS

Keyanna was adjudicated pursuant to Neb. Rev. Stat. § 43-247(1) (Reissue 2016) based on a plea of no contest to unauthorized use of a propelled vehicle, a Class III misdemeanor. Neb. Rev. Stat. § 28-516 (Reissue 2016). The charges stemmed from an incident in which Keyanna, with a group of friends, took the vehicle of another juvenile's parent without permission and drove it to Texas. The vehicle was recovered in Ellsworth, Kansas.

After Keyanna entered her no contest plea, the court placed her on a conditional release to Boys Town Psychiatric Residential Treatment Facility (PRTF) in Omaha, Nebraska, where she began treatment in February 2017. Keyanna did not object to this order. The court stated that its conditional release was based on an evaluation which identified troubling behavior at home and at school. These behaviors had included threatening to commit suicide or to run away, being expelled from two high schools because of physical altercations with peers, and refusing to attend two support programs.

Certain issues arose while Keyanna was in the PRTF program. On one occasion, Keyanna was found to be too unsafe to be transported to Lincoln for a court hearing. There were safety concerns while Keyanna was at PRTF, including Keyanna's evident risk of self-harming and running away (possibly by taking a staff member's car). On the other hand, Keyanna made progress regarding anger control and self-calming. She

was deemed to have successfully completed the program in June 2017.

A dispositional hearing was conducted on June 12, 2017. Following the hearing, the court entered a dispositional order and an "Agreement and Order of Probation," which placed Keyanna on probation for 2 years and ordered her to reside at a Boys Town group home. The court ordered a review after 6 months.

At the June 12, 2017, disposition hearing, Keyanna's probation officer testified about the treatment available at the Boys Town residential group home. The probation officer testified that the treatment plan at that residential group home would include family therapy and weekly outpatient therapy to work on mood stabilization. The probation officer testified that outpatient therapy and family therapy services were available in Lincoln, but that the treatment team and Keyanna's mother believed it was in Keyanna's best interests to participate in the group home level of care. The probation officer stated that the duration of the residential group home program was generally 6 months to a year. Keyanna's therapist believed the group home would permit Keyanna to practice her skills in an environment that was less restrictive than PRTF.

In making its determination, the court advised Keyanna that the testimony at the hearing showed that the Boys Town residential group home rather than home placement could prevent backsliding from the therapy she had received on conditional release at PRTF and help her follow through. The court noted that because the evidence showed that the group home program was integrative, Keyanna would have access to the Boys Town doctors she had been seeing, rather than starting over with new providers in Lincoln. The testimony universally characterized the Boys Town group home as a "step down" from intensive treatment designed to facilitate Keyanna's return to the family home.

In its June 12, 2017, order styled "Reasonable Effort Determination," the court found that reasonable efforts and all available community resources had been exhausted and that it

would be contrary to Keyanna's welfare to reside in the family home due to her need for additional structure and supervision. The court named efforts considered and attempted, including counseling, evaluation, and probation supervision. The order stated that residing "in the home presents a significant risk of harm to [Keyanna] and [the] community." The June 12 "Agreement and Order of Probation" was consistent with this order.

Keyanna appeals the June 12, 2017, disposition placing her in the group home.

## ASSIGNMENTS OF ERROR

Keyanna assigns, restated, that the juvenile court erred when it ordered her to reside at a Boys Town group home, because there was insufficient evidence that all community-based resources had been exhausted and the evidence failed to show that residing in the family home presented a significant risk of harm to her or the community. Keyanna also contends that the court applied a best interests analysis and ignored the controlling statute, § 43-251.01(7).

## STANDARD OF REVIEW

[1] An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings. *In re Interest of Lilly S. & Vincent S.*, 298 Neb. 306, 903 N.W.2d 651 (2017).

## ANALYSIS

Keyanna claims that the juvenile court erred when it placed her in a residential group home. She argues that the relevant statutory requirements were not met, because there was insufficient evidence all community-based resources had been exhausted, and that the evidence failed to show residing in her family home presented a significant risk of harm to her or the community. She also contends that the juvenile court wrongly applied a best interests analysis at the expense of adhering to the applicable statute. After a review of the statute and the record, we reject Keyanna's assignments of error.

The parties agree that the controlling statute applicable to this case is § 43-251.01(7), which provides as follows:

A juvenile alleged to be a juvenile as described in subdivision (1), (2), (3)(b), or (4) of section 43-247 shall not be placed out of his or her home as a dispositional order of the court unless:

(a) All available community-based resources have been exhausted to assist the juvenile and his or her family; and

(b) Maintaining the juvenile in the home presents a significant risk of harm to the juvenile or community.

As an initial matter, we note that application of § 43-251.01 requires a dispositional order. We have reviewed the record of the June 12, 2017, hearing and the associated orders. We conclude that the juvenile court's rulings which resulted from the hearing and ordered that Keyanna be placed out-of-home at Boys Town group home are a dispositional order for purposes of § 43-251.01. Accordingly, we apply this statute to the facts of this case.

[2] We have recently interpreted the exhaustion requirement of § 43-251.01(7)(a) in *In re Interest of Dana H., ante* p. 197, ___ N.W.2d ___ (2018). We concluded that the exhaustion requirement of § 43-251.01(7)(a) demands evidence establishing that no other community-based resources have a reasonable possibility for success or that all options for community-based services have been thoroughly considered and none are feasible. In reaching our interpretation of § 43-251.01(7)(a), we adopted the reasoning with respect to a similar statute interpreted in *In re Interest of Nedhal A.*, 289 Neb. 711, 856 N.W.2d 565 (2014), wherein we stated that the comparable exhaustion requirement did not imply that a juvenile court must ensure that every conceivable community-based resource has been tried and failed. *In re Interest of Dana H., supra.* With the foregoing understanding in mind, we have reviewed the evidence, and we determine that contrary to Keyanna's contention, the evidence satisfied the exhaustion requirement of § 43-251.01(7)(a).

The evidence regarding the options available to the juvenile court including community-based options is described in the "Statement of Facts" section of this opinion and will not be repeated here. In sum, the exhaustion evidence showed that the "step down" treatment at the Boys Town group home was uniquely suited for Keyanna so she could solidify the progress she had made during her placement at RPTF. According to the evidence, compared to community-based resources, the group home was the best approach for Keyanna to facilitate her transition back to the family home.

With respect to the risk analysis required under § 43-251.01(7)(b), there is evidence which indicates that given Keyanna's history of self-harming and running away, structure was still required to minimize these risks to Keyanna and the community.

Having performed our de novo review, we determine that before ordering out-of-home placement, the juvenile court made the correct statutory findings. The juvenile court did not ignore the statute; nor did it rely strictly on a best interests analysis. The juvenile court's findings were supported by the evidence. Thus, upon our de novo review, we find no merit to Keyanna's assertions to the contrary.

## CONCLUSION

For the reasons set forth above, the orders of the juvenile court are affirmed.

AFFIRMED.

WRIGHT and KELCH, JJ., not participating.